**EXHIBIT A**

ELECTRONICALLY FILED
5/13/2025 11:59 AM
26-CV-2025-900081.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

**IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA**

**TIFFANY CORDOVA,**

**Plaintiff,**

**v.** **Case No. CV-2025-___________**

**WOODCREEK APARTMENTS, STSM & C LAW, LLC and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiffs at this time, who may be legally responsible for the claims set forth herein, and who may be added by amendment by the Plaintiffs when the identity is accurately ascertained by further discovery; until that time, the Plaintiffs will designate these parties in accordance with Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one entity. Fictitious Defendants A through Z: those entities or persons who are responsible for the damages to the Plaintiffs,**

**Defendants.**

**COMPLAINT**

COMES NOW, the Plaintiff in the above-styled cause, and files this Complaint. In support of said Complaint the Plaintiff shows unto the Court the following:

1. Plaintiff, TIFFANY CORDOVA, is over the age of nineteen (19), of sound mind and resides in Kansas City, Missouri. At the time of the incident made the basis of this complaint, Plaintiff was a resident of Dale County, Alabama.

2. Defendant, WOODCREEK APARTMENTS, is an apartment complex, doing business in Dale County, Alabama. (“Woodcreek”). The WOODCREEK APARTMENTS is owned by STSM & C LAW, LLC.

3. Fictitious Defendants A through Z are the persons, firms, corporations, or other legal entities who, at all times relevant to this Complaint: were responsible for the actions or conduct complained of herein; employed the individuals named in the Complaint; aided, abetted or conspired with any Defendants or other individuals and/or entities whose conduct contributed to cause the occurrences complained of herein, and/or are the successors or predecessors in interest, trustees, representatives, principals, agents, and/or attorneys-in-fact, of any of those individuals or entities described above, whose names are unknown but who will be substituted by amendment when ascertained.

4. The term “Defendants” as used in this Complaint means and includes all persons and entities listed and named as Defendants in the caption of this Complaint or any amendment thereto and in the text paragraphs thereof (unless otherwise specified), and includes any Defendants hereinafter added by amendment (unless otherwise specified in the amendment).

## FACTUAL BACKGROUND

5. On or about May 29, 2023, Plaintiff stepped off her front stoop and onto a paver, which upon information and belief, was laid by the maintenance man at Wood Creek Apartments.

6. When Plaintiff stepped on the paver, it flipped up onto her foot which caused Plaintiff to be transported to the hospital where she was diagnosed as having a broken ankle.

7. On or about June 2, 2023, Plaintiff went to an orthopedic specialist who also diagnosed Plaintiff with a bimalleolar fracture of the lower left leg.

8. Plaintiff was then scheduled to have surgery to repair the damage to her ankle and lower leg. However, said surgery was delayed in an attempt to allow the injuries to heal without surgical intervention.

9. Plaintiff subsequently sought a second opinion wherein she began a treatment regimen of injections into the injured area.

10. At this time Plaintiffs physician has indicated that the above referenced injections will continue to be necessary until such time as Plaintiff has received an ankle replacement surgery.

11. Due to the injuries caused by the above described incident Plaintiff has and continues to experience both physical pain and psychological pain.

**COUNT ONE**

12. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

13. On or about May 29, 2023, Defendant owned, managed, operated, maintained, and controlled, directly and indirectly, individually and through agents, servants, and employees, an apartment complex, located in Dale County, Alabama. At this time, Plaintiff was a tenant of Defendant.

14. At that time and place, the Defendant owned and operated this property for the purpose of renting the units and thereby created an invitee relationship with the Plaintiff regarding the common areas.

15. That it then and there became and was the duty of the Defendant, individually and by and through its agents, servants and employees, to keep the premises in a reasonably safe

condition for the Plaintiff and other persons lawfully accessing the premises, and further not to create or allow any dangerous and or defective conditions to exist on or about the premises.

16. That at the above date and place, the Plaintiff, Tiffany Cordova, was lawfully on the subject premises, as an invitee.

17. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Tiffany Cordova was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT TWO

18. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

19. The named Defendants and the Fictitious Defendant A, failed to keep a proper lookout and acted negligently thereby causing the Plaintiff's injuries.

20. As direct and proximate result of the aforementioned negligence, recklessness and/or wanton conduct, the Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT THREE

21. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

22. The named Defendants and those Fictitious Defendants B, C, and D were negligent, reckless and/or wanton in inspecting, verifying and/or certifying the safety of the premises involving the occurrence which injured the Plaintiff, Tiffany Cordova.

23. As direct and proximate result of the aforementioned negligence, recklessness, and/or wanton conduct, the Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT FOUR

24. The preceding paragraphs of this Complaint and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

25. The named Defendants and those Fictitious Defendants E, F, and G, are those entities that owned, operated, maintained and controlled, and/or the area, which was involved in the occurrence which injured the Plaintiff, Tiffany Cordova.

26. The named Defendants and fictitious Defendants E, F, and G, were negligent, reckless and/or wanton in their operation, maintenance and/or repair of the premises involved in the occurrence which injured the Plaintiff, Tiffany Cordova.

27. As direct and proximate result of the aforementioned negligence, recklessness and/or wantonness, Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT FIVE

28. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

29. The named Defendants and those Fictitious Defendants H, I, and J are those entities who are responsible to maintain and repair the premises and failed to warn the Plaintiff and others of the unsafe, defective, and dangerous conditions on the premises.

30. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT SIX

31. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

32. The named Defendants and those Fictitious Defendants K, L, and M, are those entities who failed to warn tenants of the dangerous condition. .

33. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT SEVEN

34. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

35. The named Defendants and those Fictitious Defendants N, O, and P, are those entities who are responsible for the damages suffered by the Plaintiff.

36. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## COUNT EIGHT

37. The preceding paragraphs of this Complaint, and any additional facts set forth in any subsequent sections of this Complaint, are deemed to be restated and incorporated by reference.

38. The named Defendants and those Fictitious Defendants Q, R, and S, are those entities who were the master, principal or employer of the Plaintiff, Tiffany Cordova at the time of the accident on the occasion made the basis of this Complaint.

39. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Tiffany Cordova, was caused to suffer but not limited to the following damages:

a. Plaintiff was caused to suffer personal injuries;

b. Plaintiff was caused to suffer pain, suffering, and mental anguish;

c. Plaintiff was caused to suffer permanent injuries;

d. In and about efforts to cure and heal the injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Tiffany Cordova, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the court shall find, plus costs of this action.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff demand judgment against the Defendants as follows:

(A) For such sums of damages as are just and proper according to what the evidence may show

(B) for the cost of this action; and

(C) such other and further relief, including, without limitation as may be just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs respectfully demands trial by jury on all issues in this case.

Respectfully submitted,

/s/ Jacob K. Payne
JACOB K. PAYNE (PAY029)
Attorney for Plaintiff
303 North Cedar Street
Foley, Alabama 36535
jacob@jkplawyer.com

Please Serve Defendants at:

Woodcreek Apartments
101 Livingston Street
Daleville, Alabama 36322

Woodcreek Apartments
c/o STSM & C Law, LLC
2236 Capital Circle NE, Suite 103
Tallahassee, Florida 32308